UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

_____

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually and as husband and wife, | ) ) ) |
| Plaintiffs, | ) **ORDER REGARDING SUBJECT** ) **MATTER JURISDICTION** |
| vs. | ) ) |
| BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation, | ) ) Case No. 4:09-cv-049 ) ) ) ) |
| Defendants. | ) |

_____

Before the Court is Defendants Roland S. Pederson and KC Transport's Motion "Regarding Subject Matter Jurisdiction" filed on March 1, 2010. See Docket No. 39. Defendant BNSF Railway Company joined in Pederson and KC Transport's motion on March 9, 2010. See Docket No. 45. The Plaintiffs joined in the motion on March 10, 2010. See Docket No. 46. For the reasons set forth below, the Court finds that it has supplemental jurisdiction over the state law claims against Roland S. Pederson and KC Transport contained in the amended complaint and that it will exercise its supplemental jurisdiction.

I.   **BACKGROUND**

On November 5, 2008, a train owned by Defendant BNSF Railway Company (BNSF), a Delaware corporation, collided with a semi-truck driven by Defendant Roland Pederson, a Montana citizen, at a railway crossing near Berthold, North Dakota. At the time of the accident, Pederson was an employee of KC Transport, LLC (KC Transport), a Montana limited liability company. The semi-truck was owned by KC Transport. Plaintiff Robert C. Campbell, a citizen of Montana, was a

conductor on the train at the time and claims he was injured as a result of the collision. The amended complaint contains two counts against BNSF: (1) negligence, in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60; and (2) a violation of the Locomotive Inspection Act, 49 U.S.C. § 20701. The amended complaint also claims common law negligence, a state law action, against Pederson, KC Transport, and the Berthold Farmers' Elevator, LLC (Berthold Elevator), a North Dakota limited liability company. Plaintiff Brenda Southern, a citizen of Montana, is also making a loss of consortium claim against KC Transport, Pederson, and the Berthold Elevator.

The amended complaint alleges that BNSF and the Berthold Elevator parked empty railcars too close to the railway crossing, thereby obstructing visibility at the crossing. KC Transport brought a cross-claim against BNSF and the Berthold Elevator for damages to its semi-truck. BNSF brought a cross-claim against Pederson, KC Transport, and the Berthold Elevator for damages to its locomotive and against the Berthold Elevator for indemnification pursuant to a written contract. The Berthold Elevator brought a cross-claim against BNSF, Pederson, and KC Transport "for contribution or indemnity."

On March 1, 2010, Pederson and KC Transport filed a motion requesting that the Court review the issue of subject matter jurisdiction and issue an order determining whether subject matter jurisdiction exists over the Plaintiffs' claims against Pederson and KC Transport. Defendant BNSF and the Plaintiffs have all joined in the motion. Specifically at issue here is whether the Court has supplemental jurisdiction over the state law negligence claims against Pederson and KC Transport contained in the amended complaint.

## II.     LEGAL DISCUSSION

Unlike state courts, a federal district court is a court of limited jurisdiction. Before the Court

will consider the substantive issues raised by the parties, the Court must first determine whether it has jurisdiction over this action. "'Subject matter jurisdiction defines the court's authority to hear a given type of case.'" Carlsbad Tech., Inc. v. HIF Bio. Inc., 129 S. Ct. 1862, 1866 (2009) (quoting United States v. Morton, 467 U.S. 822, 828 (1984). It represents "'the extent to which a court can rule on the conduct of persons or the status of things.'" Carlsbad Tech., 129 S. Ct. at 1866 (quoting Black's Law Dictionary 870 (8th ed. 2004)).

Federal district courts have original jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" and (2) "all civil actions where the matter in controversy exceeds . . . $75,000" and diversity of citizenship exists. 18 U.S.C. §§ 1331, 1332. The Court has original jurisdiction over the Plaintiffs' claims against Defendant BNSF under the FELA and the Locomotive Inspection Act because those claims arise under the laws of the United States.[1]

Once the Court has established original jurisdiction over some claims in an action, it may exercise supplemental jurisdiction over specified additional state law claims which it would otherwise have no independent basis for jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988). A district court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367(a):

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder and intervention of additional parties.

28 U.S.C. § 1367(a). Federal law and state law claims form part of the same case or controversy under

---

[1] The Plaintiffs allege that subject matter jurisdiction exists over the Berthold Elevator on the basis of 28 U.S.C. § 1332 "diversity jurisdiction" and 28 U.S.C. § 1367 "supplemental jurisdiction." The Berthold Elevator admits there is diversity jurisdiction over it in this case.

18 U.S.C. § 1367(a) whenever they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" Kan. Pub. Employees Ret. Sys. v. Reimer & Koger, Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir. 1996) (quoting Carnegie-Mellon Univ., 484 U.S. at 349).

 A federal district court in the Second Circuit decided a case with a similar factual situation. In Sullivan v. Metro-North Railroad Co., 179 F. Supp. 2d 2 (D. Conn. 2002), an employee of the railroad who was injured when he stepped on an improperly secured manhole owned by the town brought a FELA action against the railroad, as well as a state law negligence action against the town and individual employees of the town. The federal district court had original federal question jurisdiction of the case because of the FELA claim. Sullivan, 179 F. Supp. 2d at 6. When Sullivan alleged that the district court had supplemental jurisdiction over the town and its employees, the court concluded that supplemental jurisdiction existed because "the state law claims asserted against the Town Defendants are so related to the federal claim against [the railroad] that they are part of the same case." Id. at 6.

 The threshold determination which the Court must make at this juncture is whether the Plaintiffs' state law claims against Pederson and KC Transport are "so related to" the proper federal claims against BNSF "that they form part of the same case or controversy," i.e., whether the state and federal claims "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to bring them in one suit. See 28 U.S.C. § 1367(a); Kan. Pub. Employees Ret. Sys., 77 F.3d at 1067.

 In this case, that issue is easily resolved since the parties are all in agreement and the Court concurs in the parties' analysis that the federal and state claims involve the same common nucleus of operative fact and the Plaintiffs would ordinarily be expected to bring all the claims in one lawsuit.

The state law negligence and loss of consortium claims undoubtedly arise out of the same incidents and address the same course of conduct as the underlying federal FELA and Locomotive Inspection Act claims.  See Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998).  Consequently, the Court finds it has supplemental jurisdiction under 28 U.S.C. § 1367(a).

However, to say that 28 U.S.C. § 1367(a) authorizes the Court to exercise supplemental jurisdiction over state law claims "does not mean that the jurisdiction *must* be exercised in all cases." City of Chicago, Ill. v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (emphasis in original).  The United States Supreme Court has established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right."  Carnegie-Mellon Univ., 484 U.S. at 350 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).  District courts can decline to exercise supplemental jurisdiction for a number of valid reasons.  Once the Court has determined supplemental jurisdiction is proper, section 1367(c) provides the list of circumstances under which the Court can decline to exercise such supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "This subsection 'plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.'"  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1287 (8th Cir. 1998) (quoting McLaurin v.

Prater, 30 F.3d 982, 985 (8th Cir. 1994)). When federal question jurisdiction exists over a case and the court also has supplemental jurisdiction over a plaintiff's state claims, the federal court does not have discretion to refuse jurisdiction except as provided in 28 U.S.C. § 1367(c). McLaurin, 30 F.3d at 985. However, where the case clearly fits within one of the four instances in 28 U.S.C. § 1367(c), the court may decline to exercise supplemental jurisdiction. Packett v. Stenberg, 969 F.2d 721, 726-27 (8th Cir. 1992).

The four instances in 28 U.S.C. § 1367(c) reflect the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ., 484 U.S. at 350. Section 1367(c)(1) embodies the notion that the court should "avoid the needless, and non-definitive, federal resolution of an important question of state law" in the interest of comity. Koke v. Stifel, Nicolaus & Co., 620 F.2d 1340, 1346 (8th Cir. 1980). "When the law underlying a dispute is well-established and frequently before the court, the necessity of remand to state court is far less compelling." Krambeck v. Children & Families of Iowa, Inc., 451 F. Supp. 2d 1037, 1042 (S.D. Iowa 2006).

As far as 28 U.S.C. § 1367(c)(2) is concerned, a federal court will generally find substantial predominance when it appears that "a state claim constitutes the real body of a case, to which the federal case is only an appendage." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (internal citations omitted). If it appears that state law claims predominate as a matter of (1) proof, (2) remedy, or (3) issues, dismissal is appropriate. Blue Dane Simmental Corp. v. Am. Simmental Ass'n, 952 F. Supp. 1399, 1413 (D. Neb. 1997) (citing Gibbs, 383 U.S. at 726).

The Court finds that none of the enumerated circumstances in 28 U.S.C. § 1367(c) are present. North Dakota negligence law is well-established and frequently before this Court. It does not appear

6

that the state law claims predominate as a matter of proof, remedy, or issues. None of the federal claims in the case have been dismissed and no exceptional circumstances exist. "The values of judicial economy, convenience, fairness, and comity" weigh in favor of the Court retaining jurisdiction over the state law claims, as remanding the state law claims would waste judicial resources and unnecessarily subject the parties to litigating the matter in two different forums. Further, it would be unfair and inconvenient to the parties to further delay timely resolution of the matter before the Court.

### III.  CONCLUSION

The Court finds that it has supplemental jurisdiction over the state law claims against Pederson and KC Transport contained in the amended complaint, and in the interests of judicial economy, convenience, fairness, and comity, the Court will retain jurisdiction.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court