IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually and as husband and wife,<br><br>    Plaintiffs,<br><br> vs.<br><br>BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation,<br><br>    Defendants. | **ORDER**<br><br>Case No. 4:09-cv-49 |

_____

  Before the Court is Defendants KC Transport, LLC and Roland S. Pederson's motion for partial summary judgment on various cross-claims filed on November 12, 2010. See Docket No. 77. Defendant BNSF Railway Company filed a response in opposition to the motion on December 2, 2010. See Docket No. 87. Defendant Berthold Farmers' Elevator, LLC did not file a response. For the reasons stated below, the Court denies in part and grants in part KC Transport, LLC and Roland S. Pederson's motion.

**I. BACKGROUND**

  On November 5, 2008, the plaintiff, Robert C. Campbell, was working as a conductor for BNSF Railway Company ("BNSF"). Campbell was operating a train headed westbound near the City of Berthold, North Dakota. As the train approached a crossing, a tractor trailer owned by KC Transport, LLC ("KC Transport") and operated by Roland S. Pederson drove onto the tracks. The

train collided with the back end of the tractor trailer. An employee of Berthold Farmers' Elevator, LLC had placed boxcars near the intersection, allegedly restricting Pederson's view of the crossing. Campbell suffered injuries as a result of the collision. The entire accident was captured on videotape.

On February 2, 2010, BNSF filed an amended cross-claim against KC Transport and Pederson. BNSF alleges:

> As the sole proximate result of the negligence of KC Transport and it[s] agent and/or employee driver Pederson, the BNSF suffered property damage to its train and other property in an amount to be proven at trial. In addition, because the conduct of KC Transport and Pederson was the sole active cause of Plaintiff's injuries, the BNSF is entitled to indemnification from KC Transport and Pederson for any damages awarded against the BNSF, as well as its costs, disbursements and attorney's fees.

See Docket No. 24. On February 24, 2010, Berthold Farmers' Elevator filed a cross-claim against the other defendants:

> 46.   Berthold Farmers Elevator alleges that if plaintiffs sustained injuries or damages as alleged in the amended complaint, the same may have been caused by the fault or negligence of defendants BNSF Railway Company, Roland S. Pederson and KC Transport, LLC, as described in the amended complaint.
>
> 47.   Berthold Farmers Elevator alleges that if plaintiffs obtain a judgment or verdict against the Elevator, then the Elevator prays for contribution or indemnity against defendants BNSF Railway Company, Roland S. Pederson and KC Transport, LLC, according to the common law and equitable principles.

See Docket No. 29.

On November 12, 2010, KC Transport and Pederson filed a motion for partial summary judgment seeking dismissal of Berthold Farmers' Elevator's cross-claim and the portion of BNSF's cross-claim that alleges indemnification. See Docket No. 77. KC Transport and Pederson contend there is no basis in North Dakota law to require them to indemnify either BNSF or Berthold

Farmers' Elevator.  BNSF essentially contends that genuine issues of material fact exist because implied indemnity may arise when there is great disparity in fault between the parties.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law.  Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005).  The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

### III.    LEGAL DISCUSSION

####    A.    BERTHOLD FARMERS' ELEVATOR

Local Civil Rule 7.1(A)(1) provides that when a party files a dispositive motion, "[t]he adverse party has twenty-one (21) days after service of the memorandum in support to serve and file a response subject to the same page limitations." The Berthold Farmers' Elevator failed to file a response to KC Transport and Pederson's motion filed on November 12, 2010. Local Civil Rule 7.1(F) states:

> A party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling. A moving party's failure to serve and file a memorandum in support may be deemed an admission that the motion is without merit. <u>An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken</u>.

D.N.D. Civ. L. R. 7.1(F) (emphasis added). The Court considers the Berthold Farmers' Elevator's failure to file a response to be an admission that KC Transport and Pederson's motion is well taken. Accordingly, KC Transport and Pederson's motion to dismiss the Elevator's cross-claim is granted.

####    B.    BNSF RAILWAY COMPANY

Contribution is an equitable doctrine long recognized under North Dakota law. <u>See</u> N.D.C.C. ch. 32-28. BNSF's purported claim for contribution against KC Transport and Pederson is now governed by North Dakota's modified comparative fault law codified in Section 32-03.2-02 of the North Dakota Century Code. The North Dakota Supreme Court has concluded that because a party is only liable for its own fault, a claim for contribution is generally foreclosed between tortfeasors. <u>Moszer v. Witt</u>, 2001 ND 30, ¶ 24, 622 N.W.2d 223; <u>Target Stores v. Automated Maint. Serv., Inc.</u>, 492 N.W.2d 899, 903 (N.D. 1992).

Under N.D.C.C. § 32-03.2-02, the liability of each party is several only, not joint, and therefore each party is liable only for the amount of damages attributable to that party. The Court finds that none of the recognized exceptions to this principle apply in this case as between BNSF and KC Transport/Pederson, nor has either party asserted that any exceptions apply. Therefore, BNSF is foreclosed from making a claim for contribution against KC Transport and Pederson. However, BNSF's cross-claim for property damage to the BNSF locomotive remains and is an appropriate claim which will need to be addressed at trial. BNSF also seeks to recover property damages caused by the November 8, 2008 collision against the Berthold Farmers' Elevator. BNSF has indicated that it anticipates the Defendants will resolve this issue pretrial.

KC Transport and Pederson also contend there is no basis under North Dakota law to require them to indemnify BNSF. "Indemnification is a remedy which allows a party to recover reimbursement from another for the discharge of a liability which, as between them, should have been discharged by the other." Mann v. Zabolotny, 2000 ND 160, ¶ 7, 615 N.W.2d 526 (citing N.D.C.C. § 22-02-01; Nelson v. Johnson, 1999 ND 171, ¶ 19 n.3, 599 N.W.2d 246; GeoStar Corp. v. Parkway Petroleum, Inc., 495 N.W.2d 61, 68 (N.D. 1993); Blackburn, Nickels & Smith, Inc. v. Nat'l Farmers Union Prop. and Cas. Co., 482 N.W.2d 600, 605 (N.D. 1992)). The right of indemnity may arise in an express agreement or it may be implied. Id. at ¶ 8 (citing GeoStar, 495 N.W.2d at 68). The North Dakota Supreme Court has described the two bases for implied indemnity:

> When, as here, there is no express agreement creating a right to indemnification, an implied right to indemnification can still be found in either of two sets of circumstances. In one, an implied right to indemnification may be based on the special nature of a contractual relationship between parties. This has been called an "implied contract theory" of indemnity, or an "implied in fact" indemnity. A second set of circumstances in which indemnity may be found has been called "implied in law" indemnity. This is a tort-based right to indemnification found when

> there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other.

Id. (quoting Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986)).

There is no express agreement which exists between BNSF and KC Transport or Pederson requiring indemnification.[1]  Further, no contractual relationship exists between BNSF and KC Transport or Pederson.  The only factual or legal basis on which KC Transport or Pederson may arguably be required to indemnify BNSF is if there is a finding of great disparity in the fault of the parties and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other.  See Mann, 2000 ND 160, ¶ 8.  The apportionment of fault is a question of fact for the jury to resolve at trial.  Whether an implied right of indemnification exists will be an issue for the Court to resolve post-trial.  Accordingly, the Court finds that genuine issues of material fact exist concerning BNSF's cross-claim for indemnification from KC Transport and Pederson.  KC Transport and Pederson's motion to dismiss the portion of BNSF's cross-claim that alleges indemnification is denied at this stage of the litigation.

---

[1] Claims for indemnification as between the Berthold Farmers' Elevator and BNSF are governed in large part by the terms of a "Lease Agreement" and an "Industry Track Agreement" which is the subject of BNSF's Motion for Summary Judgment filed on November 11, 2010.  See Docket No. 73.

**IV.     CONCLUSION**

The Court **GRANTS IN PART AND DENIES IN PART** KC Transport and Pederson's motion for partial summary judgment (Docket No. 77).  The motion to dismiss the Elevator's cross-claim is granted.  The motion to dismiss the portion of BNSF's cross-claim that alleges indemnification is denied.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2010.

<em>/s/ Daniel L. Hovland</em><br>
Daniel L. Hovland, District Judge<br>
United States District Court