**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually and as husband and wife, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFFS' MOTION IN LIMINE**

Case No. 4:09-cv-49

_____

Before the Court is the Plaintiffs' motion in limine filed on February 3, 2011. See Docket No. 114. Defendant BNSF Railway Company ("BNSF") filed a response on February 8, 2011. See Docket No. 131. Defendants Roland S. Pederson and KC Transport, LLC ("KC Transport") filed a response on February 11, 2011. See Docket No. 134.

**I.   LEGAL DISCUSSION**

On February 3, 2011, the Plaintiffs filed a motion in limine seeking to exclude:

   1.   All evidence, arguments or comments that Plaintiff Robert C. Campbell is receiving disability benefits from the United States Railroad Retirement Board . . . and any other collateral source;

   2.   The testimony of Donald L. Asa, liability expert witness for Defendants Roland S. Pederson and KC Transport, LLC., with respect to Plaintiff Robert C. Campbell discharging his duties as a conductor, including but not limited to testimony that it was his duty to make sure the train was safe, and contribute to decisions that insure the safety of the train; and

>  3. All evidence, arguments or comments that delegates Defendant BNSF's [sic] Railway Company's continuing and non-delegable duty under the FELA to a third party.

See Docket No. 114.

### A. DISABILITY BENEFITS

The Plaintiffs assert that Campbell receives disability benefits from the Untied States Railroad Retirement Board as a result of his injuries suffered in the accident on November 5, 2008. The Plaintiffs contend the disability benefits are a collateral source and evidence of the benefits is inadmissible at trial.

In Vanskike v. ACF Indus., 665 F.2d 188 (8th Cir. 1981), the Eighth Circuit Court of Appeals explained:

>  As a general rule, evidence of collateral source payments may be admitted for the competent purpose of showing malingering unless the prejudicial impact attending the possibility that the jury will consider it for the purpose of directly reducing recoverable damages is so high, when compared to its probative value for the acceptable purpose, that its admission would be an abuse of discretion. See generally Annot., 47 A.L.R.3d 234 (1973); Fed. R. Evid. 403. A stricter rule is applied, however, in FELA actions. In Eichel v. New York Central R. R., 375 U.S. 253, 255-56 (1963) (per curiam), the Supreme Court held that collateral source payments are inadmissible as bearing on the extent or duration of disability in FELA cases. Eichel dealt specifically with Railroad Retirement Act benefits, but this circuit has applied the Eichel rule to other sources. Raycraft v. Duluth, Missabe & Iron Range Ry., 472 F.2d 27, 29 (8th Cir. 1973) (VA disability benefits).

Vanskike, 665 F.2d at 200 (footnote omitted).

The Supreme Court also explained in Eichel, "The Railroad Retirement Act is substantially a Social Security for employees of common carriers. . . . The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer." Eichel, 375 U.S. at 254

(quoting N. Y., New Haven & Hartford R. Co. v. Leary, 204 F.2d 461, 468 (1st Cir.), cert. denied, 346 U.S. 856). Accordingly, the Court finds that Campbell's railroad disability benefits are a collateral source and evidence of such benefits is inadmissible at trial. The Plaintiffs' motion to exclude evidence of Campbell's receipt of railroad disability benefits is **GRANTED**.

### B. TESTIMONY OF DONALD ASA

The Plaintiffs seek to exclude testimony from Donald Asa, Pederson and KC Tranport's expert witness, regarding Campbell's performance of his duties as a train conductor. The Plaintiffs contend that Asa is not qualified to offer an opinion regarding the operation of a train or the actions of its crew. BNSF joins in the Plaintiffs' motion. See Docket No. 131. Pederson and KC Transport concede they "do not intend to ask Mr. Asa to express opinions related to the appropriateness of Mr. Campbell's actions when discharging his job duties as a conductor." See Docket No. 134.

The admission of expert testimony is controlled by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court has reviewed Asa's affidavit, report, and curriculum vitae. See Docket No. 92-4. The Court finds that Asa is qualified by knowledge, skill, experience, and training to offer expert testimony regarding the operation of a tractor trailer. However, Asa is not qualified to opine as to the operation of a train or the duties of its crew. Asa's testimony will be strictly limited to the

3

subject of the operation of a tractor trailer. The Plaintiffs' motion to exclude Asa's testimony regarding Campbell's performance of his duties as a conductor is **GRANTED**.

### C.     BNSF'S DUTIES UNDER FELA

The Plaintiffs seek to "preclude BNSF from offering evidence, making arguments or comments that it was relieved of its FELA duty by relying on Berthold Elevator." See Docket No. 126. The Court will instruct the jury regarding FELA and the specific duties it imposes on BNSF. BNSF may offer evidence that it did not breach such duties and the Plaintiffs may likewise offer evidence of a breach. The jury will ultimately decide whether BNSF is liable to Campbell for any breach of its general duties under FELA. The Plaintiffs' motion to exclude evidence that BNSF was relieved of its duties under FELA is **DENIED**.

## II.    CONCLUSION

The Court has considered the entire record, the Plaintiffs' motion, and the parties' responses. The Plaintiffs' motion in limine (Docket No. 114) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

>   */s/ Daniel L. Hovland*
>   Daniel L. Hovland, District Judge
>   United States District Court