**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert C. Campbell and Brenda Southern, individually as husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | **ORDER DENYING BNSF RAILWAY COMPANY'S MOTION IN LIMINE RE: BNSF EMPLOYEE CHERYL BONEBRAKE** |
| vs. | ) ) | |
| BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation, | ) ) ) ) ) ) ) | Case No. 4:09-cv-49 |
| Defendants. | ) | |

___

Before the Court is Defendant BNSF Railway Company ("BNSF")'s "Motion *in Limine* Regarding Expected Questions of Cheryl Bonebrake, BNSF Coordinator of Field Safety and Support," filed on February 3, 2011. See Docket No. 118. Defendants Roland S. Pederson and KC Transport, LLC ("KC Transport") and the Plaintiffs filed responses in opposition to the motion on February 14, 2011. See Docket Nos. 144 and 150. For the reasons stated below, BNSF's motion is denied.

**I.   LEGAL DISCUSSION**

On February 3, 2011, BNSF filed a motion in limine seeking to preclude the other parties from asking Cheryl Bonebrake, BNSF Coordinator of Field Safety and Support, questions regarding rules and regulations imposed on truck drivers, whether she was surprised that employees of Defendant Berthold Farmers' Elevator ("the Elevator") were not aware of BNSF's 250-foot rule for parking railcars near a crossing, whether the tracks were marked to indicate 250 feet from the

crossing, whether she believed the crossing to be "hazardous," and whether BNSF maintenance-of-way employees were informed of the 250-foot rule.

### A.     TRUCKING INDUSTRY RULES AND REGULATIONS

BNSF contends that "Bonebrake should not be made into a 'trucking expert' simply because she agrees, based on her general knowledge, that truck drivers are not allowed to stop on the railroad tracks." See Docket No. 118. Bonebrake is the BNSF employee in charge of safety at railroad crossings and training for professional drivers, such as semi-truck drivers and school bus operators. Bonebrake testified in her deposition that she was previously employed as a truck driver. The Court will instruct the jury as to the law but Bonebrake will be allowed to testify based on her personal knowledge and experience. BNSF's motion to preclude the parties from asking questions of Bonebrake regarding certain trucking industry rules and regulations that she may be familiar with, or that she may have provided training on while at BNSF, is **DENIED**.

### B.     BONEBRAKE'S REACTION TO ELEVATOR EMPLOYEES' AWARENESS OF THE 250-FOOT RULE

BNSF seeks to exclude testimony that Bonebrake was "surprised" that employees of the Elevator were not aware of BNSF's 250-foot rule relating to the minimum distance railcars were to be parked away from the "cemetery crossing" at issue. The evidence before the Court reveals that Bonebrake communicated with officials from the Elevator regarding the importance of enforcing the 250-foot rule for the safety of the general public. Rule 701 of the Federal Rules of Evidence allows lay witnesses to offer opinion testimony if the testimony is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the

determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." BNSF's motion to exclude evidence that Bonebrake was surprised or may have been surprised that employees of the Elevator were unaware of the 250-foot rule is **DENIED**.

### C. TRACK MARKINGS

BNSF seeks to preclude the parties from questioning Bonebrake regarding whether the tracks were marked to indicate a distance of 250 feet from the crossing. Whether BNSF or the Elevator marked the tracks may arguably be relevant to the issue of whether either party breached a general duty under FELA or common law. BNSF's motion to preclude any party from questioning Bonebrake as to whether the railroad tracks were marked to delineate a distance of 250 feet from the "cemetery crossing" is **DENIED**.

### D. WHETHER THE CROSSING WAS HAZARDOUS

BNSF seeks to exclude testimony that the "cemetery crossing" was "hazardous." BNSF contends that the term "hazardous" is a term of art in the railroad industry. If Bonebrake uses the term "hazardous' in her testimony, all parties may reasonably inquire what the witness means in an effort to clarify such testimony. BNSF's motion to exclude testimony from their employee that the "cemetery crossing" was "hazardous" is **DENIED**.

### E. MAINTENANCE PERSONNEL

BNSF also seeks to preclude the parties from asking Bonebrake whether there were BNSF maintenance-of-way employees located near the Elevator, whether the employees were aware of the 250-foot rule, and whether the employees were asked to monitor the Elevator's compliance with the 250-foot rule. Pederson and KC Transport respond:

> We believe that Ms. Bonebrake will testify that she was aware that the maintenance personnel had expressed concerns about this crossing and were the closest BNSF personnel to the actual crossing. We expect that Ms. Bonbrake will testify that she never requested the maintenance personnel to continue to report unsafe conditions at this crossing, including any violations of the "250-foot rule."

See Docket No. 144. The anticipated testimony of Bonebrake may arguably be relevant to the jury's determination of whether BNSF breached its general duties under FELA. BNSF's motion to preclude any party from questioning Bonebrake about BNSF's maintenance-of-way employees' familiarity with the "cemetery crossing" and the 250-foot rule is **DENIED**.

### II. CONCLUSION

The Court has considered the entire record, BNSF's motion, and the parties' responses. BNSF's motion in limine regarding anticipated questions to be asked of BNSF employee Cheryl Bonebrake (Docket No. 118) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court