# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually as husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) ) |
| BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING IN PART AND DEFERRING IN PART BNSF RAILWAY COMPANY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DONALD L. ASA**

Case No. 4:09-cv-49

_____

Before the Court is Defendant BNSF Railway Company ("BNSF")'s "Motion *in Limine* to Exclude Expert Testimony of Donald L. Asa," filed on February 3, 2011. See Docket No. 119. Defendants Roland S. Pederson and KC Transport, LLC ("KC Transport") filed a response in opposition to the motion on February 14, 2011. See Docket No. 138. On February 17, 2011, BNSF filed a reply brief and an amended motion, correcting citations to the attached deposition transcript. See Docket Nos. 153 and 155.

## I.   BACKGROUND

On February 3, 2011, BNSF filed a motion in limine to exclude Pederson and KC Transport's expert witness, Donald L. Asa, from testifying at trial. BNSF contends that Asa is not qualified to testify regarding the conduct of BNSF or the train's crew. BNSF further contends that Asa should not be allowed to testify regarding Pederson's ability to see the train because his testimony would be contrary to Pederson's testimony.

Pederson and KC Transport assert in response:

> Mr. Asa is expected to testify about the general nature of the truck involved in the accident, its dimensions, weight, range of gears, etc. He is also expected to testify in regard to the view that a semi truck driver has in this type of cab, where the A and B pillars are in the cab, and the view that the semi truck driver would have from the driver's seat, given the physical characteristics of the truck. He has explained in his deposition why he believes Mr. Pederson did not see the train approaching. Of course, the other parties are certainly permitted to cross-examine Mr. Asa on all of these issues and to try to impeach his testimony.

See Docket No.138. Pederson and KC Transport also anticipate that Asa will offer his opinion that "the use of a flagman at the crossing would be a reasonable means of eliminating the hazard at the crossing if the boxcars are placed close to the crossing." See Docket No. 138.

## II.   STANDARD OF REVIEW

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 403 of the Federal Rules of Evidence also states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### III.     LEGAL DISCUSSION

BNSF contends that Donald Asa is not an expert in train operations and should not be allowed to opine as to whether the conduct of BNSF or its employees was negligent. Pederson and KC Transport concede that Asa is not an expert in train operations and assert they will not seek to offer Asa's opinion as to the conduct of BNSF. However, they intend to offer Asa's opinion that using a flagman at the crossing would be a reasonable safety precaution. The Court finds that Asa is qualified by knowledge, skill, experience, and training to testify regarding the general nature and operation of a tractor trailer. However, Asa is not qualified to testify regarding the operation of trains, elevator operations, or safety precautions to be used at railroad crossings. Asa's testimony at trial will be limited to "the general nature of the truck involved in the accident, its dimensions, weight, range of gears," and other technical matters including, but not limited to, the stopping distance of a tractor trailer. See Docket No. 138.

Pederson and KC Transport also intend to offer Asa's testimony regarding a driver's ability to see from inside a tractor trailer. They seek to offer the expert opinion that Pederson would have been unable to see the oncoming train which is arguably contrary to Pederson's testimony. Pederson will undoubtedly testify as to his ability to see from inside the tractor trailer and whether he saw the oncoming train on November 5, 2008. Pederson and KC Transport will be allowed to present video evidence of the view from inside a tractor trailer similar to the one involved in the accident. However, the Court will defer ruling on whether Asa will be allowed to express an opinion on the driver's (Pederson's) ability to see the oncoming train before the accident occurred on November 5, 2008. The Court prefers to first hear the testimony of Pederson at trial before a determination is made as to whether Asa will be permitted to opine on the subject of Pederson's vision in the cab.

As a general rule, an expert's opinion which is designed to discredit a fact witness who said he could see "clear as a bell" before he crossed the railroad tracks is suspect and not particularly helpful in assisting the jury. Nevertheless, the Court will defer ruling on this subject.

## IV. CONCLUSION

The Court has considered the entire record, BNSF's motion, and the parties' responses. The Court **FINDS AS MOOT** BNSF's original motion in limine to exclude Donald L. Asa's testimony (Docket No. 119). BNSF's amended motion in limine to exclude Donald L. Asa's testimony (Docket No. 155) is **GRANTED IN PART AND DEFERRED IN PART**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court