**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually and as husband and wife,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation,<br><br>        Defendants. | **ORDER DENYING BNSF RAILWAY COMPANY'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' WAGE LOSS CLAIM**<br><br>Case No. 4:09-cv-49 |

___

Before the Court is Defendant BNSF Railway Company ("BNSF")'s "Motion in Limine to Preclude Plaintiffs' Wage Loss Claim Based on Plaintiff's Receipt of a Railroad Retirement Disability Annuity," filed on February 3, 2011. See Docket No. 121. Defendants Roland S. Pederson and KC Transport, LLC ("KC Transport") filed a response joining in BNSF's motion on February 11, 2011. See Docket No. 136. The Plaintiffs filed a response in opposition to BNSF's motion on February 14, 2011. See Docket No. 149. For the reasons below, BNSF's motion is denied.

## I.   BACKGROUND

On February 3, 2011, BNSF filed a motion to preclude the Plaintiffs' wage loss claim. BNSF asserts that Campbell is receiving "a Railroad Retirement Occupational Disability Annuity (ODA) which is funded by railroad retirement tax payments based on the compensation paid to Campbell throughout his period of employment." See Docket No. 121. BNSF argues that Campbell

would receive a duplicate recovery if he was allowed to receive damages for lost wages for the same period of time he was receiving railroad disability benefits.

Pederson and KC Transport joined in BNSF's motion. They request, in the alternative, that the Court defer ruling on the motion and allow the parties to brief the issues involving any deductions from the verdict after the verdict is received. They cite N.D.C.C. § 32-03.2-06, which provides:

> After an award of economic damages, the party responsible for the payment thereof is entitled to and may apply to the court for a reduction of the economic damages to the extent that the economic losses presented to the trier of fact are covered by payment from a collateral source. A "collateral source" payment is any sum from any other source paid or to be paid to cover an economic loss which need not be repaid by the party recovering economic damages, but does not include life insurance, other death or retirement benefits, or any insurance or benefit purchased by the party recovering economic damages.

The Plaintiffs oppose BNSF's motion and argue that railroad disability payments cannot be used to offset damages awarded to a railroad employee.

## II. LEGAL DISCUSSION

In <u>Eichel v. N.Y. Centl R. Co.</u>, 375 U.S. 253 (1963), the United States Supreme Court explained, "The Railroad Retirement Act is substantially a Social Security for employees of common carriers. . . . The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer." <u>Eichel</u>, 375 U.S. at 254 (quoting <u>N. Y., New Haven & Hartford R. Co. v. Leary</u>, 204 F.2d 461, 468 (1st Cir.), cert. denied, 346 U.S. 856).

The Fourth Circuit Court of Appeals has recently discussed the collateral source rule in relation to railroad disability benefits:

> The collateral source rule holds that "compensation from a collateral source should be disregarded in assessing tort damages." United States v. Price, 288 F.2d 448, 449-50 (4th Cir. 1961). That a benefit "comes from the defendant tortfeasor does not itself preclude the possibility that it is from a collateral source." Id. at 450. "The plaintiff may receive benefits from the defendant himself which, because of their nature, are not considered double compensation for the same injury but [are] deemed collateral." Id.
>
> Thus, whether a given benefit is derived from a collateral source "depend[s] . . . upon the exact nature of the compensation received." Id. at 449. If the tortfeasor provides a benefit to the plaintiff "specifically to compensate him for his injury," the benefit does not constitute a collateral source. Id.; see Clark v. Burlington N., Inc., 726 F.2d 448, 450 (8th Cir. 1984) (noting that the collateral source rule does not apply to "payments which the employer has undertaken voluntarily to indemnify itself against possible liabilities under the FELA"). Such payments may, therefore, be "taken into account in fixing tort damages," as "the tortfeasor need not pay twice for the same damage." Price, 288 F.2d at 449.
>
> But if the tortfeasor does not provide the benefit to the plaintiff as compensation for his or her injury, the benefit is from a collateral source and "should not be offset against the sum awarded from the tort nor considered in determining that award." Id.; see also Phillips v. The W. Co. of N. Am., 953 F.2d 923, 932 (5th Cir. 1992) (explaining that "the collateral source rule applies," for example, "to fringe benefits or deferred compensation"). We accordingly consider a benefit to be from a collateral source unless it results from "payments made by the employer in order to indemnify itself against liability." Phillips, 953 F.2d at 932 (quotation omitted).

Sloas v. CSX Transp., 616 F.3d 380, 390-91 (4th Cir. 2010) (footnotes omitted). The Fourth Circuit Court of Appeals went on to conclude that the railroad's payments under the Railroad Retirement Tax Act were not "undertaken voluntarily to indemnify itself against possible liabilities under the FELA," and thus the railroad disability benefits "are a collateral source that may not be considered in determining a FELA award." Id. at 391, 392 (citing Price, 288 F.2d at 451; Clark, 726 F.2d at 450; Green v. Denver & Rio Grande W. R.R. Co., 59 F.3d 1029, 1033 (10th Cir. 1995); Folkestad v. Burlington B., Inc., 813 F.2d 1377, 1380 (9th Cir. 1987)).

3

The Court agrees with the Fourth Circuit's reasoning. The case law is clear that railroad disability benefits are a collateral source that cannot be considered when determining damages. BNSF's motion to preclude the Plaintiffs' wage loss claim because of Campbell's receipt of railroad disability benefits is **DENIED**.

### III.    CONCLUSION

The Court has considered the entire record, BNSF's motion, and the parties' responses. BNSF's motion in limine (Docket No. 121) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court