**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Robert C. Campbell and Brenda Southern, individually and as husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> BNSF Railway Company, a Delaware corporation; Roland S. Pederson; KC Transport, LLC, a Montana corporation; and Berthold Farmers' Elevator LLC, a North Dakota corporation, <br><br> Defendants. | **ORDER DENYING IN PART AND DEFERRING IN PART BERTHOLD FARMERS' ELEVATOR'S MOTION IN LIMINE** <br><br> Case No. 4:09-cv-49 |

_____

Before the Court is Defendant Berthold Farmer's Elevator ("the Elevator")'s motion in limine filed on February 4, 2011. See Docket No. 123. BNSF Railway Company ("BNSF") filed a response joining the motion on February 8, 2011. See Docket No. 129. The Plaintiffs filed a response to the motion on February 14, 2011. See Docket No. 148. Roland S. Pederson and KC Transport, LLC ("KC Transport") filed a response on February 15, 2011. See Docket No. 147.

## I. LEGAL DISCUSSION

On February 4, 2011, the Elevator filed the following motions in limine:

I. Robert Campbell should not be allowed to testify regarding alleged prior incidents of railroad cars being parked too close to the cemetery crossing.

II. The parties should not be allowed to offer into evidence BNSF's desire to close the subject crossing because it is irrelevant and remote.

III. Berthold joins in BNSF's January 31, 2011 Motions in Limine.

IV. Dr. Mirich – by his concessions not a spine specialist – should be precluded from offering spine-related testimony.

>    V.   Berthold joins in BNSF's Motion to exclude Donald Asa's proposed testimony under Fed. R. Evid. 702 inasmuch as his musings are not helpful to the jury, he is unqualified, he does not rely on reliable principles and he has not applied principles reliably.
>
>    VI.  Plaintiff's rebuttal expert James Rogers should be stricken as a trial witness pursuant to Fed. R. Civ. P. 26(a)(2)(B).

See Docket No. 123. The Court has addressed motions II, III, and V in other orders.

### A.   ROBERT CAMPBELL'S TESTIMONY

Plaintiff Robert Campbell testified in his deposition that had seen railcars parked too close to the "cemetery crossing" prior to the accident on November 5, 2008. The Elevator seeks to exclude such testimony, arguing that the testimony is "an unsubstantiated, self-serving allegation that does not contain sufficient facts to confirm that he has personal knowledge regarding whether Berthold parked railroad cars too close to the subject crossing." See Docket No. 124.

Rule 602 of the Federal Rules of Evidence provides, in pertinent part, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Campbell may testify to his personal observations of the "cemetery crossing" and the location of railcars near the crossing. All parties can examine Campbell to seek clarification of his testimony and challenge his personal observations. Cross-examination is the proper means by which to impeach a witness' testimony. The Elevator's motion to exclude Campbell's testimony regarding his prior observations of railcars parked near the "cemetery crossing" is **DENIED**.

**B.     DR. MIRICH'S TESTIMONY**

Thomas M. Mirich, III, M.D and Alan Dacre, M.D. are Campbell's treating physicians. The evidence reveals that Campbell was referred to Dr. Mirich for treatment of pain in his left shoulder. Dr. Mirich treated Campbell's shoulder and also referred Campbell to Dr. Dacre for treatment of his spine. The Elevator seeks to exclude Dr. Mirich's testimony concerning the spine because he is not a specialist in the treatment of the spine.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Dr. Mirich testified in his deposition that he has been practicing as a board certified orthopaedic surgeon for over twenty-three years and he completed a five year orthopaedic surgery residency at the Mayo Clinic. See Docket No. 113-4, p. 5-6. Dr. Mirich is certainly qualified by knowledge, skill, experience, training, and education to offer expert testimony regarding the spine as is virtually any orthopaedic surgeon. The Elevator's motion to exclude Dr. Mirich's testimony concerning the spine is **DENIED**.

**C.     JAMES T. ROGERS' TESTIMONY**

James T. Rogers, a vocational rehabilitation consultant, has written a report on behalf of the Plaintiffs to rebut the "Preliminary Loss-of-Earning Capacity Assessment" written by William R. Goodrich on behalf of Pederson and KC Transport. See Docket Nos. 147-1 and 147-2. The Elevator

seeks to exclude Rogers' testimony and report because the Plaintiffs did not provide the disclosures required by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(a) provides, in pertinent part:

> (2) *Disclosure of Expert Testimony*.
>
> . . . .
>
> (B) *Witnesses Who Must provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinion the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial ro by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The Court is unaware of what disclosures the Plaintiffs have or have not provided to all parties concerning Rogers. Nor is the Court aware of Rogers' qualifications to testify as an expert witness. The Court does not have enough information to rule on this motion at this early stage, and thus **DEFERS RULING** on the Elevator's motion to exclude Rogers' testimony and report.

**II.     CONCLUSION**

The Court has considered the entire record, the Elevator's motion, and the parties' responses. The Elevator's motion in limine (Docket No. 123) is **DENIED IN PART AND DEFERRED IN PART**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

>                              */s/ Daniel L. Hovland*
>                              Daniel L. Hovland, District Judge
>                              United States District Court